Good morning, your honors. May it please the court. My name is Daniel Watts. I represent the plaintiffs and the plaintiffs in the district court. The appellant's here. I'd like to reserve five minutes for rebuttal, please. So Pullman abstention is the exception and not the rule. And the district court erroneously abstained from hearing our client's cases because the three Pullman elements were not present there. Before I get into that, I'll reach the court flagged in an order. This case is not moot and the appeal is not moot. The case, the action that we filed, challenges a municipal ordinance enacted by the city that has been amended while this appeal has been pending. But there are still problems in the amended ordinance that were present in the original ordinance. And we're still Why aren't we addressing, or why aren't you addressing in the district court below, the new ordinance? Will it not take care of any of the issues that may still be relevant in this case or which may, frankly, be irrelevant in light of the amendment? Two answers. First, we tried to do that. We filed a motion for an indicative ruling. The case was stayed. The district court would not let us amend the complaint because it was stayed. We asked the court. Court said no. We asked the court to tell this court that it would lift the stay if this court let it do that. Court said no. Then we filed a second action challenging the new ordinance. And it came to the same district judge. The judge stayed it and said, again, Pullman applies. We're abstaining from that too. Why not stipulate? Everybody sit around a table and stipulate. Let's just go forward with this new case and see where it leads. Well, we tried to do that, but the district court stayed it. It was Pullman abstention. You would like to do that, but the problem is there's a Pullman issue that the district court identified? Yes. Just to be clear on the mootness, it seems to me a number of claims are disinjunctive relief claims. I don't see how those proceed against an ordinance that's no longer in effect. Do you agree with that? No, Your Honor. The new ordinance still contains a lot of the same language and problems as the old ordinance. Fair enough. But the case that's here in front of me, in front of us, is about the old ordinance. This case, does the complaint need to be amended? Yes. And upon remand, we should. This court should follow the example of Wyatt v. Terhune, in which the Religious Freedom Restoration Act was challenged by a plaintiff. And then while the case was on appeal, city of Bourne v. Flores came out and declared aspects of it unconstitutional. Then Congress, acting a lot faster than it does now, enacted a new law that had the same kind of problems. And so this court, rather than sustaining the dismissal and saying, well, your whole lawsuit is moot, at least via the RFRA, this court remanded with instructions to allow the plaintiff to amend their complaint. And so that's what this court should do to deal with the mootness issue. Right. But we can't decide a case, obviously, if the whole thing is moot. But you do have a damages claim here, right? We do. We have damages claims. And then the issue for Pullman abstention, that section, that vacancy control issue that the district court abstained on, that paragraph remains the same. And it's the same in both of our two pending actions. And the Pullman abstention analysis of the district court, although it was abbreviated in the second action, was also the same. Did you move to consolidate? Yes. If there weren't a stay, that is another thing that we could do upon remand. Does it matter whether you're proceeding with this case or the second case? I mean, ultimately, I understand what you want to do. You want to litigate on the merits, the new ordinance, claims for damages and injunctive relief. Does it matter whether it's in this particular case that's in front of us or the second case? It only conceivably matters under a catalyst theory for attorney's fees. If there's some case on it, it wasn't in any of our briefing. But if you file a lawsuit, the person you want based on your lawsuit, then you can say, ah, okay, we get prevailing party fees for that. That's the only reason that it might matter. But we're still challenging. The first ordinances weren't repealed so much as they were amended. And some of the sections were relabeled. And do you have a claim for damages still based on the old ordinance, even though it's been amended? Right now, yes, we have a pending claim for damages in the first amended complaint and then in the second action, too, we have a complaint for damages. How do they differ? How do the two claims for damages differ in the two lawsuits if they do? I could submit supplemental briefing on the exact contours of that, but they don't differ that much. They still ask for damages for regulatory takings and the like. Well, wasn't the new statute of control, or in some way, are the old going to control in part and the new in part? Or not? Well, the new statute is going to control. The more recent statute is going to control. So really, the impact here with the old case is potential attorney fees might be lost with the old case. That is a potential drawback. Well, for you personally, that would be a definite drawback, right? Yes, it is a drawback. But it is still asking for relief that is active now, like this vacancy control issue, the declaratory relief cause of action. That is still live. That is still a live controversy. The challenge conduct is still occurring right now. There is still that problem. Either way, the district court is not going to lift a stay unless this court makes a decision on the Pullman abstention. So we won't be able to pursue either one of these cases unless there is a decision on that. But it still seems to me that you have a damages claim based on the old ordinance. I don't know what that dollar amount is. And you may have a damages claim. It sounds like you claim you do under the new ordinance. So you have two damages claims based on two statutes. And that, I think, is why the present appeal is not moot, even though parts of it seem to be. Yes. Yeah, we have damages. If I compare the two damage parts of your two lawsuits, will they be identical? The language in your complaint? It will be very similar. I would have to go and look at the punctuation and paragraph numbers. But they are going to be very, very similar. Do they cover different time periods, I take it? They would. I think our complaint satisfies Rule 8. So I don't know that it gets into all of that nitty-gritty. But they would probably cover different time periods. All right. We want to turn to the Pullman issue? Yes. Thank you, Your Honor. So Pullman abstention is only appropriate if you have a sense, if the complaint raises an area of sensitive local policy, social policy that's best left only to the local jurisdiction. And then there's two other elements. But that first element, sensitive area of social policy, that's not present here. In the cases where we have a sensitive area of local policy, it's talking about usually as applied challenges to the actual action of a local authority figure implementing some amount of discretion that they have. Like in Gearing v. Half Moon Bay, it was denying a building permit. It was in Pearl v. San Francisco, it was denying a building permit and then also partially granting a building permit with onerous conditions that map to the local situation. So those are as applied fact-intensive challenges. And those are also in areas where Congress hasn't legislated. So Congress isn't telling cities how to zone residential versus industrial. They're not telling them how many traffic lights you have to force a developer to put in in order to grant a permit to develop a hotel, for example. But here, Congress has legislated on this. Congress passed a national act governing the construction of mobile homes. And the purpose of that act, it's in the actual language of the act, 42 U.S.C. 5401, the purpose is to protect affordability. The purpose is to increase home ownership for all Americans and to ensure affordable housing. So Congress has legislated in this area. That's a Mobile Home National Manufactured Housing Standards Act. And the state of California has also implemented that act in the laws that we cited in our brief. So this is not an area where Congress says we're leaving this solely up to the states. It might be an issue that the states and the localities are interested in, but so is everything. In Fireman's Fund, that case dealt with hazardous waste remediation and whether a city should pay for it. Hazardous waste remediation, putting garbage around how you pay for it, that's something the locality is interested in. This court even said so there. They said this seems like an issue of sensitive local policy. But because Congress had enacted a national law that also dealt with that, that envisioned a partnership between the federal, state, and local governments, that this was not solely an issue of local concern. And in Fireman's Fund, the issue there was preemption, whether that national law, whether the state laws preempted what the local government was trying to do. That's also the issue here. Most of our complaint deals with preemption, whether the national and state law that implements the national law are preempting the local ordinance. So we don't even have a, you know, for Pullman abstention, there's a threshold issue of whether the unsettled question of state law with sensitive local policy, whether the answer to that question is going to obviate a constitutional issue. Well, what is the unsettled question of state law? It's whether this law imposes vacancy control? That's, I understand, the district court to be identifying that one? That's what the district court said, yes. But that's actually not unsettled. It's the Thompson v. City of Escondido case. They analyzed an ordinance that's almost directly on point dealing with this issue and found that when an ordinance is silent on vacancy control, one is not to lightly infer that that ordinance includes vacancy control. Even if it were unsettled, how much of this case would the answer to that question resolve? Very, very little. It is vacancy control, as mentioned only a couple of times in the complaint. Complaint's very long. It has multiple causes of action. Vacancy control, we're asking primarily for declaratory relief on just to establish firmly that there is no vacancy control that's implied. That's almost a question that we almost don't even need answered because the law is so settled on that issue that when an ordinance is silent, you don't infer that. That's state law in California. It's not just Thompson. People v. Welch, which Thompson cited, is a case about canons of statutory construction. The courts do not infer that a legislative body intended to legislate where they were silent on a subject. That's even codified in the California Code of Civil Procedure, 1858. It's the same principle, the Scalia and Gardner treatise that we cited. It's the omitted case canon. If the legislature is silent, they don't intend to imply something. So regardless on the level of abstraction, we have an answer to that question. The Supreme Court in Wisconsin v. Constano said that just because a state court has not ruled on the precise issue at stake in a case, that doesn't mean that the issue is unsettled. Here, this ordinance, yes, it has not been reviewed by a court yet, but that's true of every ordinance until it is. That doesn't mean that you can't challenge them in federal court until you've exhausted a state court litigation requirement. That's not a thing. There's a case, Brockett, I think it was, where there was a, yeah, Brockett v. Spokane Arcades. Four days after an obscenity statute was enacted, the plaintiffs filed a facial challenge. Court didn't abstain there. So just because it hasn't been reviewed in state court doesn't mean that the law is unsettled. So I take it you think that that's a multi-faceted approach in answering the question of whether it's settled or unsettled. You don't just look at a court decision on point. You look at other factors, other cases, maybe an appellate case or two or three. It's sort of a case by case analysis? Yes, that's correct, Your Honor. I mean, imagine there are some questions that we just know off the top of our head are very obviously answered. If they had enacted a, and this comes to the land use issue, this is not a land use case, but imagine if they put a, they reenacted a municipal ordinance for redlining that says that people of certain races can't buy homes somewhere. And that ordinance hadn't been, maybe it used some kind of unique language, but it's still obviously unconstitutional. That, if we had filed suit in federal court, there's no way the court would say, oh, it's an unsettled question of state law. It's never been reviewed before. Well, here the answer is also obvious. It's just not a case anyone's heard of. You know, we don't learn in law school Thompson v. City of Escondido or the omitted case canon, but it's, the answer to the question is equally obvious when you actually look at the cases. And then the third, well, that's the third issue, whether the state law is doubtful. And then the second element is whether the answer to the state law question is a, will terminate a constitutional controversy. It won't. This is primarily a declaratory relief cause of action where we're asking to declare that there's no vacancy control. Our case, our lawsuit is replete with other constitutional violations in there, substantive due process, procedural due process, and those remain active regardless of what happens with the vacancy control issue. So there's no, we don't gain much by deferring the entire case for the state court to decide. Even if this vacancy control issue, satisfied. I'm sorry, did you have a question? Yes, I had a question. Counsel, tell me the language in Thompson that specifically addresses vacancy control. What's the language you're relying upon in Thompson that specifically addresses vacancy control? I, let's see if I have the quote from the case. Existing case authority interpreting Proposition K has not established that vacancy control adheres in the ordinance. Second, we are not to presume legislation of such a regulatory scheme by implication. That's not, to me, that's not clear language that definitively answers the question about vacancy control. Well, Your Honor, we have in, in, so Proposition K, I mean the rest of the case, I explained that Proposition K did not mention vacancy control, that it was silent on the subject. And then the conclusion here was that we are not to presume legislation of such a regulatory scheme referring to vacancy control by implication. So they also said that there's an existing case authority has not established that vacancy control adheres in this, this ordinance, which is silent on it. So that's, that's that issue. I, and that, it's just applying the omitted case canon that has been applied elsewhere and that is just kind of a fundamental part of the common law system. We don't assume that there is an intention to legislate where an ordinance is silent. That the city itself, sorry. Does it matter that this case is a divided decision? Does it matter? No, it doesn't, Your Honor. If it were so clear, why wouldn't it be unanimous? Well, it's, it doesn't, because one of the judges got it wrong. That's, that's the truth. We don't have law, but, uh, but unanimous opinions. I mean, we, we know in the counsel, the point is you're saying it's clear and generally, you know, we have a case from Supreme Court or we have a, a number of opinions from, from appellate courts. Uh, we can see that, but when you have a divide, one divided opinion that you're relying upon, that makes it more difficult, in my opinion, to say that there's clear authority in the state. Well, very. So that's just my point. I don't know if the other panel members agree with me, but that's kind of how I'm viewing this case. I appreciate that. If I may have a moment to respond, I'm going over. Um, Your Honor, the, the published appellate decision and we cited the case law explaining this in a brief that a published appellate decision in the state of California is binding state law on that issue. And regardless of whether it's been considered again by the Supreme Court, that is the binding state law statewide. Counsel, does it bind all the courts of appeal in California? No, it does not, but it binds the, all the inferior courts. And the, the test is not whether it is possible at some overturn that case. The test is whether we have evidence showing that they will. That, uh, the, the, the question for Pullman abstention is whether this court can predict with any certainty how the state's highest court would rule. Any certainty. That's the, the quote from the case law. And here, um, again, Wisconsin versus Constano, the Supreme Court of the United States said the fact that a state court is not ruled on the precise issue at stake doesn't mean the proposed resolution of the state law is uncertain. Here we have a court that has ruled on the precise issue at stake. So, and it hasn't been overturned and it's been a law for 20 years and it's a published decision. This issue doesn't come up very much because the principle that it's applying is so obvious, uh, the canon of the admitted case canon that it doesn't get up to the appellate court level very much. There's no indication of California support. Uh, Supreme Court intends to revisit it. Why don't we, why don't we hear from your opposing counsel and we'll give you two minutes when you come back. Thank you, Mr. Watts. Good morning. Good morning. May it please the court, your honors. My name is Andrea Garcia Miller and I'm representing the city of Santa Ana. Um, I would like to, uh, first address the issue in the order that was recently issued on August 2nd, um, regarding the mootness. Uh, it is the city's contention that this, uh, entire case is now moot because the city did, uh, adopt an amended rent stabilization and just cause eviction ordinance on October 18th. Um, the city's reasoning is actually threefold. Uh, number one, appellant seek relief against the city for ordinances that have been amended and there's no reasonable belief that the city will reenact the same ordinances. Number two, appellant seek equitable relief, uh, specifically declaratory relief in all six causes of action. Uh, and the court cannot issue declaratory relief on ordinances that no longer exist. And then three appellants already have a pending action before the district court, uh, against the city on the amended ordinance. Uh, so appellants are not without relief. Right. But what about the damages claims? Uh, the damages claims, um, it could be something that's done by a motion. I think most, most of what they're asking for are attorney's fees. Um, that can be done after the fact. Um, but all causes of action, uh, request declaratory relief. Um, right. And so to that extent, this appeal may be moved. But what about the damages claims? Uh, the damages claims, if there are any, uh, I would, uh, argue that could be done by motion, uh, if, if necessary. I'm not sure what you mean by that motion in the new case. Uh, yes, absolutely. Um, well, when we have to decide a case, if it's properly in front of us, so we don't have the luxury of just saying, go file a motion somewhere else. If it's here, it's here. And if there's a damages claim, it seems to me that it's a live dispute. If anything, it's, it's only a damages claim and the statutes at issue were only in existence. Right. But the, but the import of that, I'll go ahead. The import of that seems to me is whether, whether we could reach the Pullman issue and, um, of course, if it's properly before us, we have to reach it, but it seems to me it might also benefit both parties for the court to address that. Because if we don't, we know what's going to happen with case number two, that that case is, is abstained under Pullman. And we're going to get a notice of appeal out of that. Well, if I could clarify your honor, I believe the second case is actually stayed pending appeal. That's true. But we have an indicative ruling that tells us, I don't know where that would land. I understand your honor. Um, I, I just wanted to make sure to, to clarify that the court hasn't officially stated because, because of Pullman. With respect to damages, you heard your opponent respond to my questions when I asked, are the two identical? He indicated, I believe they're substantially the same other than attorney fees. So how do we deal with attorney fees going back? If we find this entire case to be moved? I, you know, that we, I should say, how does the district court deal with that issue? You know, if, if, if the district court, you know, dismisses this case, um, appellants can file a motion for attorney's fees based on the rulings here. Or we could remand to the district court. Yeah. Telling it to address the issue of damages along with the new case. That is definitely an option, your honor. Um, you know, and again, I, I'm going to argue that because declaratory relief is sought in all six causes of action in the operative first amendment complaint, that it's moot. Um, uh, the court has, I'm going to argue that the court has no authority to issue opinions on moot causes of action because an actual controversy must exist. And I, I do have citations. Are you saying we can't reach the Pullman issue here in this case? I, at all stages of litigation, including on appeal, um, the court has to have authority. An actual controversy must exist. And if the ordinances aren't in effect, there's no controversy that exists currently. Um, and the Ninth Circuit has ruled that a court should presume that the repeal amendment or expiration of legislation will render an action challenging the legislation moot, uh, unless there's a reasonable expectation that the legislative body will reenact, um, the challenged ordinances or one similar to it. However, plaintiffs in, in their briefs have cited in multiple places that they're substantially different. The amended ordinance is substantially different. And I can cite to page four of their brief, docket entry number 15. The ordinances have been substantively amended. At page 15, the new ordinance is substantially and materially changed. At page 22, in three different places, they talk about how the first amendment, how the issues raised in the, um, omitted ordinance are materially modified. Uh, and then again at page 24, substantially with the original ordinance. So even in appellant's own briefs, they say that this new ordinance is substantially different. It's not similar. So that would require the court to dismiss as moot. Um, the claims for injunctive relief, but somebody can have a claim for damages based on a repealed statute. That is true, but I don't know that they're alleging damages based on repeal of a statute in their complaint. Well, not based on the fact of the repeal, but I understood them to be in their original complaint that gave rise to this appeal to be seeking damages in addition to injunctive relief. Uh, yes, your honor. But again, I would argue that it's moot again because of all of the injunctive relief that's, or I'm sorry, all of the declaratory relief, equitable relief that has been sought. Um, on the, on did your client move to dismiss or to stay on Pullman or is that, was that raised by the district court? That was raised by the district court, your honor. Um, and so, um, turn it, I would like to, if, if I'm so inclined, if I could continue on the mootness, um, again, um, if the court sees fit to keep this action pen currently pending, um, in the appropriate circuit, the Supreme court has held that in certain circumstances, um, certain cases must be kept alive. However, appellants have asserted, uh, causes of action against the city in the 17th. Um, as such, there's no need to amend, um, this current action. Um, and we should just default to what's going on in the related action. Let me take you for a moment and give me some help on the practical aspect of your request that we dismiss the entire case as moot. Now, are you going to be back talking to this or another panel about Pullman and whether it applies to the new case and or the old case? Aren't we spinning wheels a bit here? Is that in the interest of judicial efficiency? Absolutely. And that, that's what I would argue as well. You know, why don't we just cut out here and go to the amended ordinance if that's what they want to continue to argue? Um, it, it'd be a waste of judicial resources, but they tried to do that. I mean, they tried to forestall this right by going back to the district court and the district court said, no, that was, that was what the indicative ruling says pretty clearly. Uh, yes, your honor. And then they filed another action. So now we've got both of them for that, right? Statute was amended. Uh, and your honor, they're, they're free to, to file whatever action that they want. Uh, but again, judicial resources, judicial economy, let's move on to, to the next. I mean, I think what is new, which I don't think it is. Um, what's going to happen is you'll, the second case will come alive. You will move to stay the case under Pullman citing the district court's past rulings. The district court will of course agree with that and they will appeal that. And we will be here nine months from now discussing Pullman abstention. I think that's what would happen, right? Uh, it's a great possibility, but it will be on an ordinance that is currently right. But it'd be on a legal issue that's identical. The, yes, the legal issue is identical, but it's a new ordinance. It's, it's a different ordinance and in plaintiff's own word. Right. But it's not, that's true. But from the district court's perspective, it's not different in terms of the Pullman analysis. The district court said I would do the same thing as to the new ordinance. So I don't think, I mean, it seems to me that I just not sure what interest this is unless sometimes litigants have an interest in delay, but that doesn't seem to benefit the system as a whole to, to just reset this and come back in nine months. Your Honor, again, I can't anticipate what plaintiffs are going to do and I can't anticipate what the district court's going to do. Although I'm sure that, you know, that's a very reasonable statement, but why not pivot to the ordinance that's in effect? You know, why are we remaining? Why don't you address the Pullman issue? Because I have a lot of concerns with, with that here. Yes, Your Honor. So we are here for an abuse of discretion standard. It's, it's a modified abuse of discretion standard, but still an abuse of discretion standard no less. And that's a high threshold. There are two parts to the modified abuse of discretion standard, a review de novo of the Pullman requirements, and then a review of the district court's ultimate decision to abstain under abuse of discretion. And, you know, with regard to the second prong, you know, very little time has been spent on that. And I'd want to refor, refocus the court on, on the district court's discretion. An abuse of discretion is plain error, which I don't see here. It seems to me the argument being made is that there were legal errors on each of the three Pullman factors. Yes, that's, that is the argument. And again, it's a, it's a Pelley's contention that all three Pullman factors were met. The district court issued, I believe it was eight pages of an order. It was very well reasoned with citations. The complaint must touch a sensitive area of social policy. Your opponent in the reply brief criticizes you for failing to distinguish the Gearing case, a recent Ninth Circuit case. Do you want to take a crack at it? I don't have the Gearing case in front of me, and I apologize. I don't, I don't have it committed to memory. Also for failing to distinguish Fireman's Fund. Do you want to take a crack at that one? And I apologize for that, Your Honor. I don't have Fireman's Fund in front of me or when it comes to the area of sensitive, you know, social policy, the district court itself, you know, said, all I have to do is look outside. Homelessness, rent control, housing, these are all hot topics. These are all sensitive areas. I know that's, that's true. But we constantly have lawsuits challenging policies in these areas, right? Lots of cases here involve sensitive policy issues. So that this ordinance has, imposes vacancy control. First of all, let me ask you, does it? Your Honor, the language in the ordinance talks about rental rates fixed to the rental unit. So that is the argument that there is vacancy control tied to this. But is it the city's position that the ordinance, the old ordinance, imposes vacancy control? Uh, yes, Your Honor. Um, and so, you know, again, it's tied to rent control. It's tied to housing. It's tied to homelessness. Uh, you know, again, these are all very right. But the arguments that are being, the argument here is we have to decide what this ordinance says. And then once we know what it means, we have to, we have to evaluate it under preemption and we have to evaluate its constitutionality. Why isn't that the kind of exercise that's pretty commonly undertaken in the federal courts? What distinguishes this case? Because, you know, Pullman is not the norm. The district court, you know, focused on the Thompson case and how that was the court of appeal. That was a decision on a court of appeal. We have to look at how the highest court in California, the Supreme Court of California, would rule. And because there is no decision on that specific issue, there is uncertainty. And it's a minimal showing of uncertainty, as cited in our briefs, is all that needs to be shown. And again, I don't know about that. I mean, it says the case, our cases say you have to, you can't predict with any confidence. That doesn't sound like a minimal showing. Well, we can't predict with any confidence. In the Thompson case, the court was divided and there was a strong dissent the other way. So it's hard to say when we look at the RSO and the JCO specifically, how would the Supreme Court, the California Supreme Court, rule on that issue? It's uncertain and it would have to be taken up through the courts, through the Superior Court. Counsel? Yes, Your Honor. Counsel, in your view, what did the court in Thompson say about vacancy control? It said that if that the municipality must state with specificity in some vacancy control. That's my take. That's my summary on Thompson. It can't be implied. How does that apply to this case and the ordinance that we are looking at? How does that language apply to this case? Well, Your Honor, I obviously have a different take than appellants, but I am a rental unit. If you read the language of the ordinance, that hasn't been changed. So I would argue that there is no vagueness in our ordinance. It specifically says, it talks about rents being tied to the unit. To what extent is the vacancy control issue, to what extent is it dispositive of the case? Because your friends on the other side said, well, it's a small piece of it. Well, as the district court pointed out, it underpins their takings argument. So, you know, for the state court to discuss and decide specifically whether the RSO and the JCO commits an unlawful taking based on the vacancy control issue, that's the state law issue. Yeah, although, I mean, it is an issue in the takings claim. But I mean, if I looked, when I went back and looked at your motion to dismiss in the district court, you had a whole bunch of other arguments here on takings. So the question is, is this really, is this answer to this question what's really driving the claims here? I mean, to an extent it does. And therein lies the district court's view that it sought this as an important issue for the state court to determine. And there's, you know, other areas of conflicting state law allegations in the complaint. So, you know, this is one of the issues that the district court used to get to Pullman abstention. We've let you go over your time justifiably, but I want to see if anyone else has questions for you. Ms. Garcia-Miller, thank you very much. Thank you, Your Honors. Thank you, Your Honors. I wanted to clarify that the pending state court action, the second action, was stayed under Pullman. The court did issue an order that... You mean the pending federal court action? The pending federal court action, sorry. There is no pending state court action. That's kind of an implied other element that wasn't discussed. But the court did issue an order to show cause under Pullman, and then the court stayed the case and cited Pullman as one of the reasons for staying the second case. So will you file that order? Will you file that with us? Yes. Have you filed a notice of appeal from that? No. And because they stayed it pending the outcome of this appeal, it seemed... It's on the docket. Yes, it's on the docket. Of record? Yes. We don't need to decide vacancy control today. It's something to just keep in mind. That's not before the court. The damages, they are in the... I looked through the complaint, paragraph 141, 144, 147, 148, and then paragraph 12 of the prayer, we're asking for damages for all of the constitutional violations. We did have a motion to certify. We haven't discussed that, but if there is an unsettled question of state law, a motion to certify is a way to answer the question. I don't think it is, but we did that as a sort of a courtesy to the district court. And then finally, when we're talking about Thompson, US Supreme Court in West versus AT&T said that settled law means whatever the intermediate appellate court says there is, unless there's a reason to believe the state Supreme Court would overrule it. And this is a quote, quote, in the meantime, the state law applicable to these parties, and in this case, has been authoritatively declared by the highest state court in which a decision could be had. And there's no reason to think that the court would overrule that. The dissenting opinion is not law. So just because there was a dissent 20 years ago in a case doesn't mean that there's any chance it'll be overruled. That calls into question whether or not it's certain. That's that's the difficulty I'm having with it. If there's a dissenting opinion, is the law certain? Not whether it's settled. It's whether it's settled for that case. But is it certain in the state jurisprudence? It it is, Your Honor. A published appellate decision of an intermediate appellate court, according the United States Supreme Court, is that that is the state law that's applicable to, uh, to that issue. It's authoritatively declared by that case. Are you aware of any cases that discuss the fact that a dissent either affects that conclusion or doesn't affect that conclusion that it's settled? Uh, yes. And I believe we cited that in our brief. I don't I don't have it right off the top of my head. But it is the, uh, it is true that a dissent is not the law. And so it doesn't affect whether the law is no. But her question was, does it affect the certainty that it will not change in the future? Um, I fact that there's a strong or a weak or dissent or what do we do with that fact? Ignore it. Uh, yeah. The fact that there's a dissent? Yes. I mean, we nobody would say that the law in the United States is unsettled on on any issue where there is a 54 decision by the United States Supreme Court. Even if there's four votes there, we know what the settled law is. The laws the law settled. It could change. But unless we have an indication they intend to do that, then we're I'm sorry. I spoke over you. Sorry. We couldn't hear you, Judge Valenson. There's a difference between settled and certain. A 54 decision is not as certain as a nine old decision because it only takes one new judge on there to change the law. And we've seen that happen. So that's a totally different concept. Well, that your honor. Fortunately for us, the test is whether the state law is settled, not whether it's certain. If it's not the test, the test is under whether the state law is certain, not whether it's settled, whether it's certain. Uh, I've, um, well, the cases that that I've read have indicated that Pullman abstention is appropriate only where there is an unsettled issue of state law, and the law is settled unless there is no way to predict with any degree of certainty how the state Supreme Court would rule. So the law has to be on the person saying that it's unsettled unless you can't predict with any certainty how the state Supreme Court would rule. And as the court said in Wisconsin, the Supreme Court, Wisconsin versus Constantine, the law just because there's a state Supreme Court is not ruled on the precise issue at stake or any state court has ruled on it. That doesn't mean that the law is the proposed resolution of the state law is uncertain. Thank you. Thank you. Let me see if either of my colleagues have further questions for you, Mr. Watts. We've, uh, the spirited argument this morning. I want to thank you, Mr Watts, and I want to thank you, Mr Garcia Miller for your presentations this morning. They were most helpful. Thank you both for the briefing and oral argument in this matter is submitted. That concludes our calendar for this morning, and we'll stand in recess until tomorrow. Mhm. This court for this session stands adjourned.
judges: RAWLINSON, BRESS, Zouhary